IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN BRADFORD, | § | |
| | § | |
| Defendant Below- | § | No. 201, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID Nos. 1206004277 |
| Plaintiff Below- | § | and 1206010374 |
| Appellee. | § | |

Submitted: May 11, 2015
Decided: June 9, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 9th day of June 2015, it appears to the Court that:

(1)     On April 24, 2015, the Court received appellant's notice of appeal from a Superior Court order, docketed March 23, 2015, dismissing his motion for postconviction relief. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before April 22, 2015.

(2)     The Clerk issued a notice directing appellant to show cause why the appeal should not be dismissed as untimely.[1]  Appellant filed a response to the notice to show cause on May 11, 2015. He asserts that his

---

[1]Del. Supr. Ct. R. 6(a)(iii) (2015).

appeal should be considered timely because he delivered his appeal papers to the prison mail room to be put in the mail on April 20, 2015, before the filing deadline.

(3) In Delaware, the 30-day appeal period is a jurisdictional requirement.[2] A notice of appeal *must* be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Delaware has not adopted a "mailbox rule" that allows this Court to toll the appeal period for prisoners.[5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[6]

(4) Prison personnel are not court-related personnel. Consequently, even assuming prison personnel delayed in putting his appeal into the mail, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[3]Del. Supr. Ct. R. 10(a).

[4]*Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

[5] *See id.*

[6]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice